IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:22-mj-154-JTA |
| | ) | |
| JON'DERIUS LASHON SCOTT | ) | |

**ORDER**

Upon the motion of the government (Doc. No. 6), and pursuant to the Bail Reform Act (18 U.S.C. § 3142(f)), the undersigned held a detention hearing on December 15, 2022. For the following facts and reasons, the undersigned concludes that the defendant should be detained pending further proceedings.

On December 2, 2022, a Criminal Complaint was filed charging the defendant with two counts: one count of Hobbs Act robbery in violation of 18 U.S.C. § 1951 and one count of brandishing a firearm during a crime of violence in violation 18 U.S.C. § 924(c). (Doc. No. 1.) The credible testimony adduced at the hearing establish that these charges stem from the armed robbery of a gas station by three individuals on December 1, 2022, in Montgomery County. The female victim informed law enforcement that all three robbers pointed firearms at her. Law enforcement later arrested the defendant and he confessed to his participation in the robbery, including: (1) driving the car – which was his girlfriend's vehicle – to and from the robbery, (2) removing the tag from the vehicle immediately prior to and after the robbery, (3) entering the gas station first alone, (4) holding the gas station door open so the robbers did not become locked inside the station, and (5) brandishing his gun. The video from the surveillance camera at the gas station depicts the robbery and

reflects that the defendant pointed his gun repeatedly at the victim, sometimes walking toward the victim with his gun raised. Based on the evidence presented at the preliminary hearing held on December 15, 2022, the undersigned finds there is probable cause to believe that the defendant has committed an offense under 18 U.S.C. § 924(c). Due to this finding, it is undisputed that the defendant is subject to a rebuttable presumption that no condition or combination of conditions will reasonably assure his appearance as required and the safety of the community. *See* 18 U.S.C. § 3142(e)(3)(A).

The Pretrial Services Report shows the defendant has no criminal history. The defendant currently has one pending state charge for robbery (first degree) which is premised upon the same conduct as the federal charges at issue. The defendant was released from state custody on December 5, 2022, on a bond. Currently, he is unemployed but presented evidence that he will have full-time employment if released. The defendant has strong family ties in Montgomery and has resided here his entire life. The defendant asserts he can reside with a family member if released. However, the defendant advised a probation officer that he was living with his mother, while his mother advised the probation officer that he was living with his girlfriend in a hotel.

Based on the foregoing, the undersigned finds the defendant has not rebutted the presumption that no condition or combination of conditions will reasonably assure the safety of another or the community if the defendant is released on bond. In reaching this conclusion, the undersigned has carefully considered, as required by 18 U.S.C. § 3142(g), the nature and circumstances of the offenses charged; the weight of the evidence against the defendant; the history and characteristics of the defendant as set forth in the Pretrial

Services Report; the defendant's lack of criminal history; the defendant's violent behavior in the offenses; that the defendant will be subject to a lengthy period of incarceration if convicted; and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

The undersigned finds that the defendant's repeated brandishing of a firearm during the robbery establish that he would pose a danger to the community should he be released. As the government argued during the hearing and the surveillance video depicts, the defendant was the first perpetrator to draw a gun during the robbery. Although it appears that this violent conduct is aberrant behavior for the defendant, there are no conditions or combination of conditions that the court could impose which would prevent him from engaging in such behavior again while released on bond. Accordingly, it is

ORDERED that the Government's Motion for Detention (Doc. No. 6) is GRANTED. It is further ORDERED that the defendant shall be detained pending further action by the grand jury or further order of the court, and the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE this 19th day of December, 2022.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE